10-4581-ag
Singh v. Holder

BIA
Elstein, IJ
A094 824 567

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand thirteen.

PRESENT: JOSEPH M. McLAUGHLIN,
    PIERRE N. LEVAL,
    ROSEMARY S. POOLER,
        *Circuit Judges.*

_____

VIKRAM SINGH, AKA VIKRAM GHOTRA, AKA VIKRAM SINGH CHOTRA,
        *Petitioner,*

v.                                          10-4581-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Brooklyn, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vikram Singh, a native and citizen of India, seeks review of an October 14, 2010, order of the BIA affirming the July 6, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vikram Singh*, No. A094 824 567 (B.I.A. Oct. 14, 2010), *aff'g* No. No. A094 824 567 (Immig. Ct. N.Y. City July 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Singh argues that the agency erred in pretermitting his asylum application as untimely because (1) it applied the wrong legal standard in requiring him to provide direct evidence of when he entered the United States, and (2) he established his date of entry. However, we will not address

Singh's first argument as the issue was not presented to or considered by the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision"). And we do not have jurisdiction to consider Singh's second argument, as it "disputes the correctness of an IJ's fact-finding," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), relating to the agency's conclusion that his asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3) (providing that Courts do not have jurisdiction to review the agency's finding that an asylum application was untimely).

With regard to withholding of removal and CAT relief, the agency found that Singh was not credible because of inconsistencies between his testimony and his Canadian asylum application and drivers' license, his evasive demeanor, and his failure to provide corroboration of his claims, such as his passport, direct proof of the date of his entry, or affidavits from witnesses in India. Singh failed to sufficiently challenge most of these findings, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7

3

(2d Cir. 2005), and they stand as a valid basis for the agency's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

While the agency's statement that Singh did not present affidavits from witnesses in India was flawed, we decline to remand because "there is no realistic possibility" that the agency would reach a different conclusion on remand. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). The agency's inconsistency and demeanor findings are largely supported by the record and provide substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base an adverse credibility determination on inconsistencies without regard to whether they go "to the heart of the applicant's claim"). Because Singh's requests for withholding of removal, and CAT relief shared the same common factual basis, the agency's finding that his testimony was not credible supports the denial of relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk